[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2010
JOHN LEY
CLERK

No. 10-10483
Non-Argument Calendar

_____

Agency No. A078-910-138

ENRIQUE OCTAVIO CASO-GIRALDO

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 18, 2010)

Before BARKETT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Enrique Octavio Caso-Giraldo, a native and citizen of Peru, petitions for

review of a final decision by the Board of Immigration Appeals ("BIA"), which denied Caso-Giraldo's application for adjustment of status under the Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255, and denied his request for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

On appeal, Caso-Giraldo first argues that we have jurisdiction to review his challenge to the agency's denial of his application for adjustment of status. Caso-Giraldo contends that in denying his application, the agency erred by applying an incorrect legal standard to determine whether he entered into his marriage in good faith, despite the fact that he married a United States citizen after the Department of Homeland Security initiated removal proceedings against him. Caso-Giraldo also asserts that deficiencies in documentary support for his application are attributable to his prior counsel's ineffective representation. Second, as to his withholding of removal claim, Caso-Giraldo argues that the agency erred in denying his application, because the IJ failed to consider whether he was persecuted on account of his father's political opinion.

We address each argument in turn, denying the petition for review in part and dismissing in part.

## I.

We review *de novo* our subject matter jurisdiction. Amaya-Artunduaga v.

U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." Id. (citing 8 U.S.C. § 1252(d)(1)). Therefore, if an alien challenges an issue in his petition for review without first raising the issue in his appeal to the BIA, we lack jurisdiction to consider it. See id.

The INA further provides that "no court shall have jurisdiction to review"

(i)     any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii)    any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B). Thus, Congress stripped this Court of jurisdiction to review judgments regarding the granting of relief under 8 U.S.C. § 1255. See Kucana v. Holder, 558 U.S. ----, 130 S. Ct. 827, 837 (2010).

However, under § 1252(a)(2)(D), no provision in the INA "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); see also Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221–22

3

(11th Cir. 2006). A petitioner's garden-variety challenge that an immigration judge ("IJ") "abused her discretion by failing properly to weigh the factual scenario . . . presented" does not typically raise a constitutional claim or question of law for purposes of § 1252(a)(2)(D). See Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196–97 (11th Cir. 2008). However, whether the IJ applied the correct legal standard is a "legal question" under the statute. See id. at 1197 & n.14.

The INA provides the Attorney General with the discretion to adjust the status of an alien to that of lawful permanent resident if: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). When an alien marries a United States citizen, the citizen-spouse may file a Form I-130 Petition for Alien Relative, which, if approved, "provides the evidentiary basis for the beneficiary's adjustment of status via Form I-485, Application to Register Permanent Residence or Adjust Status." Alvarez Acosta, 524 F.3d at 1194 n.6. Generally, an alien who seeks an immigrant visa on the basis of a marriage entered into while "administrative or judicial proceedings are pending regarding the alien's right to be admitted or

4

remain in the United States" may not have his status adjusted under § 1255(a).

See 8 U.S.C. § 1255(e)(1)–(2). However, pursuant to the "bona fide marriage

exception," this bar to adjustment of status

> shall not apply with respect to a marriage if the alien establishes by
> clear and convincing evidence to the satisfaction of the Attorney
> General that the marriage was entered into in good faith and in
> accordance with the laws of the place where the marriage took place
> and the marriage was not entered into for the purpose of procuring the
> alien's admission as an immigrant . . . .

Id. § 1255(e)(3).

Caso-Giraldo argues that § 1252 does not strip this Court of jurisdiction to

review the merits of the agency's denial of his adjustment of status application.

Specifically, he contends that his petition implicates a purely legal question of

"statutory eligibility for adjustment of status, a matter reviewable by the Courts of

Appeals." Therefore, argues Caso-Giraldo, this Court has the authority to review

the IJ's decision, which he characterizes as a denial of his adjustment of status

petition pursuant to 8 U.S.C. § 1227(a)(2)(G)(ii).

As an initial matter, we note that § 1255(e), and not § 1227(a)(2)(G)(ii),

governs Caso-Giraldo's adjustment of status application. While the IJ did cite to

§ 1227(a)(2)(G)(ii) in his oral decision, the record clearly reflects that

Caso-Giraldo's petition turned upon an evaluation of § 1255(e)(3), the bona fide

5

marriage exception. When Caso-Giraldo sought adjustment of status based on marriage to a U.S. citizen, removal proceedings had already begun. Therefore, he could only obtain adjustment of status if, as required by § 1255(e)(3), he was able to establish "by clear and convincing evidence . . . that the marriage was entered into in good faith," and not to avoid immigration laws. Id. § 1255(e)(3); 8 C.F.R. § 245.1(c)(8)(iii)(F). This conclusion is confirmed not only in the BIA's order dismissing Caso-Giraldo's appeal, but also in Caso-Giraldo's own brief before the BIA. (See Br. Supp. Appeal 8–9.)

Caso-Giraldo argues that the agency applied an incorrect legal standard in ruling on his application for adjustment of status. He contends that under BIA precedent, the agency ought to have reviewed his petition only for "substantial and probative" evidence, not clear and convincing evidence, that his marriage was in good faith. Because determination of the proper legal standard constitutes a legal question for the purposes of § 1252(a)(2)(D), we have jurisdiction to review Caso-Giraldo's argument. Cf. Alvarez Acosta, 524 F.3d at 1197. As discussed above, Caso-Giraldo's adjustment of status application was subject to § 1255(e)(3).[1] The plain language of both the statute and the relevant federal

---

[1] The one case to which Caso-Giraldo cites to support his position deals with another statutory provision. As discussed above, § 1255(e) governs Caso-Giraldo's request for adjustment of status. In fact, Caso-Giraldo noted in his own filings before the BIA that

regulations places the burden on Caso-Giraldo to prove by clear and convincing evidence that he entered into his marriage in good faith. See 8 U.S.C. § 1255(e)(3); 8 C.F.R. § 245.1(c)(8)(iii)(F). Accordingly, the BIA applied the proper legal standard when it denied Caso-Giraldo's petition.

Insofar as Caso-Giraldo challenges the agency's application of the facts to the standard set out by § 1255(e)(3), § 1252(a)(2)(B)(i) clearly strips this Court of jurisdiction to consider Caso-Giraldo's argument. See 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 of this title . . . ."); see also Kucana, 558 U.S. at ----, 130 S. Ct. at 837 (explaining that "clause (i) enumerat[es the] administrative judgments that are insulated from judicial review," and that Congress also "added in clause (ii) a catchall provision covering 'any other decision . . . the authority for which is specified under this subchapter'" (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

Finally, Caso-Giraldo claims that his attorney had a negative effect on his ability to present evidence in support of his adjustment of status petition. Caso-Giraldo had a new attorney when he appeared before the BIA, and he had the

---

§ 1255(e)(3)'s good faith exception controlled, and that the record must demonstrate through "'clear and convincing evidence' that the marriage was entered into in good faith." (Br. Supp. Appeal 8–9 (quoting 8 U.S.C. § 1255(e)(2), (3)).)

opportunity to raise this challenge. Because he did not do so, he failed to exhaust this claim before the BIA and we lack jurisdiction to address his ineffective assistance of counsel arguments. See Amaya-Artunduaga, 463 F.3d at 1250.

## II.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA adopts the IJ's reasoning, in which case we also review the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) ("Insofar as the Board adopts the IJ's reasoning, we review the IJ's decision as well."). In this case, the BIA agreed with the IJ's reasoning that the harm Caso-Giraldo allegedly suffered did not rise to the level of persecution. Thus, we will review both the decision of the BIA and that of the IJ. See id.

We review *de novo* the agency's conclusions of law, but review findings of fact for substantial evidence to support them. Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009). "Our review for substantial evidence is highly deferential." Id. at 1351. "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We may not "re-weigh the evidence from scratch" and must affirm the agency's decision if "it is supported by reasonable, substantial, and probative

8

evidence on the record considered as a whole." Kazemzadeh, 577 F.3d at 1351 (citations and internal quotation marks omitted). "Under this highly deferential standard of review, the [agency's] decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005) (internal quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi, 386 F.3d at 1027.

Under the INA, an alien seeking withholding of removal must show that his "life or freedom would be threatened in [his] country [of origin] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "The alien bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." Sepulveda, 401 F.3d at 1232 (quoting Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002)). This standard, also known as "clear probability of persecution," is more stringent than that used to evaluate applications for asylum. Ruiz v. Gonzalez, 479 F.3d 762, 764–66 & n.1 (11th Cir. 2007).

An alien may satisfy his burden of proof for withholding of removal in two ways. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006). First, an

9

alien may establish past persecution based on a protected ground. Past persecution creates a rebuttable presumption that he has a well-founded fear of future persecution and shifts the burden to the government to show changed conditions in the country or the ability to avoid a future threat through relocation. Id. Second, an alien may establish that it is more likely than not that he would be persecuted upon removal due to a protected ground. Id. However, an alien "must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. "Only in a 'rare case' does the record compel the conclusion that an alien has suffered past persecution or a well-founded fear of future persecution." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (quoting Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1239 (11th Cir. 2006)).

Caso-Giraldo's brief on appeal argues only that he is entitled to withholding of removal. It mentions the Convention Against Torture only to state that it is unnecessary for this Court to address whether he is entitled to relief under that treaty. Accordingly, the only issue properly before this Court is whether the BIA and IJ erred in denying his application for withholding of removal. See Sepulveda, 401 F.3d at 1228 n.2 (11th Cir. 2005) (noting that the petitioner abandoned any challenge to the denial of relief under the Convention Against

10

Torture because he failed to offer argument on the issue).

Specifically, the relevant portions of Caso-Giraldo's brief focus almost exclusively on the question of whether the IJ failed to consider the argument that his father's political opinion could be imputed to him. Contrary to the allegations of his brief, the IJ did in fact address this argument, but still concluded that Caso-Giraldo was not entitled to relief. The IJ held, and the BIA agreed, that Caso-Giraldo had not presented sufficient evidence that he was either subject to past persecution based on a protected ground or that he would more likely than not be subject to future persecution were he returned to Peru. In denying Caso-Giraldo's application, the IJ relied on alternative grounds to conclude that he had not demonstrated past persecution. The IJ found that (1) the aggregate of the harms of which Caso-Giraldo complained did not amount to persecution, and (2) the harm suffered was not connected to a protected ground. Accordingly, Caso-Giraldo's entire argument on appeal—that the agency failed to take into consideration the theory of imputed political opinion as a basis for establishing a nexus between the harm suffered and a protected ground—focuses on the second of these two, independently dispositive prongs. See Silva, 448 F.3d at 1236 ("Each avenue of asylum relief requires proof of two criteria. To establish asylum based on past persecution, the applicant must prove (1) that she was persecuted, and (2) that the

11

persecution was on account of a protected ground.").

Thus, Caso-Giraldo has not challenged two different agency conclusions, a decision that proves fatal to his application. Specifically, he fails to address the findings that (1) he did not suffer past harm amounting to persecution, and (2) he did not establish that it is more likely than not that he would be persecuted upon return to Peru.[2] While he cites to authority to support his position that his father's political opinions ought to be imputed to him as a statutorily protected ground, he makes no argument and cites to no authority to undermine either of the two agency findings described above.[3] Cf. Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir.

_____

[2] Caso-Giraldo's does contend that the IJ evaluated only his asylum claim and erred by "wholly fail[ing] to consider the Petitioner's claim under withholding of removal." However, this statement is not accurate. The IJ concluded that because Caso-Giraldo had not even established the less stringent asylum standard, he could not satisfy the burden associated with an application to withhold removal. See Rodriguez Morales, 488 F.3d at 891 ("[A]n alien unable to prove a 'well-founded fear' of persecution based on a protected ground, as required for asylum relief, necessarily fails to demonstrate a 'clear probability of persecution,' the 'standard applicable to a claim for withholding of removal.'" (quoting Ruiz, 479 F.3d at 764)).

[3] Caso-Giraldo testified that he was the victim of death threats and an attempted abduction, during which his car was boxed in and there "was some crossfire" before his trained driver thwarted the attempted abduction. (Admin. R. 209.) We have held that if a petitioner is able to establish the requisite connection between a statutorily protected ground and a murder attempt, the petitioner might establish persecution for the purposes of an asylum application. See Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1228 (11th Cir. 2007) (concluding that the record compelled the conclusion that petitioner suffered persecution when the petitioner testified that he had received repeated death threats, reported these threats to government security forces, was told that he was a "military target" (an indication that he and his family had been marked for death), a kidnaping attempt had been made on his daughter, and two armed men in masks followed him from a political associate's home and shot at his him while he was driving); cf. Silva, 448 F.3d at 1238; Sepulveda, 401 F.3d at 1231. As noted above, however, Caso-Giraldo's petition before this Court makes no argument as to the IJ's finding "that what [Caso-Giraldo]

12

2005) ("On appeal, we require appellants to not only state their contentions to us, but also to give 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'" (quoting Fed. R. App. P. 28(a)(9)(A))). In light of this shortcoming, we cannot conclude that the agency erred when it determined Caso-Giraldo had not demonstrated that there was a clear probability that he would be persecuted or tortured upon his return to Peru.

## III.

For these reasons, we deny the petition for review in part and dismiss in part.

**PETITION DENIED IN PART; DISMISSED IN PART.**

---

encountered in the aggregate . . . [does not] rise to the level of persecution." We therefore express no opinion as to whether the facts of this case compel the same conclusion as Sanchez Jimenez.