**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1235**

JUAN RAMON CASTILLO, a/k/a Juan Ramon Castillo Ordonez,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  August 20, 2013       Decided:  September 16, 2013

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Arnedo S. Valera, LAW OFFICES OF VALERA & ASSOCIATES, Fairfax, Virginia, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Ernesto H. Molina, Jr., Assistant Director, Anthony P. Nicastro, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Ramon Castillo, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his motion for reconsideration. We deny the petition for review.

The denial of a motion to reconsider is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2013); Narine v. Holder, 559 F.3d 246, 249 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). Because a motion to reconsider asserts that the Board made an error in its earlier decision, the motion must specify the errors of fact or law in the prior Board decision and must be supported by "pertinent authority." 8 C.F.R. § 1003.2(b)(1). This Court will reverse a denial of a motion to reconsider "only if the Board acted arbitrarily, irrationally, or contrary to law." Narine, 559 F.3d at 249 (internal quotation marks and citation omitted).

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this Court lacks jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D) (2006), to review the final order of removal of an alien who was found inadmissible under 8 U.S.C. § 1182(a)(2) (2006), for having been convicted of an offense related to a controlled substance violation. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether

2

[Castillo] [i]s an alien and whether []he has been convicted of" a controlled substance violation. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once we confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

In this case, the record clearly supports the finding that Castillo is an alien and that his conviction for possession of drug paraphernalia was related to a controlled substance violation. See Mellouli v. Holder, 719 F.3d 995, 999-1000 (8th Cir. 2013); Alvarez Acosta v. Attorney Gen., 524 F.3d 1191, 1196 (11th Cir. 2008). Accordingly, we have jurisdiction only to review constitutional claims and questions of law.

We note that Castillo raises claims that were not raised before the Board. He contends that his conviction was not a conviction for immigration purposes in view of the congressional intent expressed in the Federal First Offender Act, 18 U.S.C. § 3607 (2006). He also contends that his conviction did not relate to a controlled substance violation because it related to the paraphernalia used with controlled substances. We do not have jurisdiction to review these claims, see 8 U.S.C. § 1252(d)(1) (2006); Massis v. Mukasey, 549 F.3d 631, 638-40 (4th Cir. 2008), and we are also not persuaded by

3

his argument that exhaustion was not necessary because it would have been futile. See Popal v. Gonzales, 416 F.3d 249, 252-53 (3d Cir. 2005); Theodoropoulos v. INS, 358 F.3d 162, 172 (2d Cir. 2004).

Castillo also challenges the finding that he was not eligible for a waiver under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h) (2006). Once the Attorney General established that Castillo was inadmissible by virtue of his conviction, the burden shifted to him to show that he was eligible for relief from removal. See 8 U.S.C. § 1229a(c)(4)(A) (2006). Castillo attempts to downplay his burden by asserting that he was denied due process because the immigration judge did not have a hearing to determine whether Castillo's conviction was related to a small amount of marijuana for personal use. However, Castillo never sought a hearing or argued that the evidence would show that his conviction does not bar him from relief.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

4