[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11313
Non-Argument Calendar
_____

Agency No. A077-883-422

JESUS COBOS-GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 8, 2013)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jesus Cobos-Gonzalez ("Cobos"), a citizen of Mexico, seeks review of the

order of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ") denial of his applications for a waiver of inadmissibility and an adjustment of status. He argues that: (1) 8 C.F.R. § 1212.7(d), which guides the IJ and BIA's use of discretion in granting or denying waivers of inadmissibility, is unconstitutional as applied to him; (2) the IJ and BIA violated the doctrine of separation of powers by conflating 8 C.F.R. § 1212.7(d)'s definition of "violent or dangerous" crimes with the standard for a "crime of violence" in 8 U.S.C. § 1101(a)(43)(F); and (3) the IJ and BIA erred as a matter of law in weighing the hardship factors mitigating in favor of relief from removal. The government contends that we lack jurisdiction to review Cobos's petition. After thorough review, we deny the petition in part and dismiss it in part.

In 2008, Cobos was convicted of false imprisonment, in violation of Fla. Stat. § 787.02, and aggravated assault with a firearm, in violation of Fla. Stat. § 784.021. He pled guilty to both offenses and was sentenced to three years' imprisonment. The police report indicates that Cobos forced his victim, who was a friend, into a car at gunpoint, then threatened him and forced him to drive to another location. As a result of these crimes, the Department of Homeland Security issued Cobos a Notice to Appear for removal proceedings before an IJ. The IJ declared Cobos removable pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), as a legal permanent resident convicted of an aggravated felony; and pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as a legal

2

permanent resident convicted of a crime of violence for which the statutory term of imprisonment was at least one year.    The IJ denied Cobos a waiver of inadmissibility, pursuant to 8 U.S.C. § 1182(h), after considering the heightened hardship requirements needed to grant a discretionary waiver under 8 C.F.R. § 1212.7(d), and denied Cobos an adjustment of status.  The BIA affirmed.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted the opinion of the IJ.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  Because the BIA in this case did not expressly adopt the IJ's decision, we review only the BIA's decision.  See id.  We determine our subject matter jurisdiction de novo.  Alvarado v. U.S. Att'y Gen., 610 F.3d 1311, 1314 (11th Cir. 2010).

We do not have jurisdiction to review denials of discretionary relief, including the Attorney General's decision to grant or deny a waiver under 8 U.S.C. § 1182(h), and "any other decision or action of the Attorney General . . . the authority for which is specified under this title to be in [his] discretion."  8 U.S.C. § 1182(h)(2); 8 U.S.C. § 1252(a)(2)(B)(i)-(ii).  We also lack jurisdiction to review removal orders involving aliens who are convicted of crimes involving moral turpitude ("CIMTs") or aggravated felonies.  8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1227 (a)(2)(A), (C).    However, these jurisdiction-stripping provisions do not preclude us from reviewing constitutional claims or questions of law.  8 U.S.C. §

3

1252(a)(2)(D). "Where a constitutional claim has no merit, however, we do not have jurisdiction." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003); see Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1197 (11th Cir. 2008) (requiring an alien to raise a "substantial," meaning nonfrivolous, constitutional claim); Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 n.2 (11th Cir. 2007) (describing a "colorable" constitutional claim as one with "some possible validity" (quotation omitted)).

Arguments that the agency applied incorrect legal standards present legal questions under the meaning of 8 U.S.C. § 1252(a)(2)(D). See Alvarez Acosta, 524 F.3d at 1197. "Questions of law" also include challenges to the "application of an undisputed fact pattern to a legal standard." Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1322 (11th Cir. 2007). An argument that the IJ or BIA failed to properly weigh an alien's factual scenario presents a "garden-variety abuse of discretion argument -- which can be made by virtually every alien subject to a final removal order -- [that] does not amount to a legal question." Alvarez Acosta, 524 F.3d at 1196-97. Similarly, an alien's argument that the IJ erred in balancing positive and negative factors does not raise a question of law. See Garcia v. Att'y Gen., 329 F.3d 1217, 1223 (11th Cir. 2003). We do not retain jurisdiction "over abuse of discretion claims merely couched in constitutional language." Arias, 482 F.3d at 1284.

4

Aliens who commit CIMTs are inadmissible.  8 U.S.C. § 1182(a)(2)(A)(i)(I).  The Attorney General may, in his discretion, and "pursuant to such terms, conditions and procedures as he may by regulation prescribe," waive inadmissibility of the CIMT if, among other requirements, "the alien's denial of admission would result in extreme hardship" to the alien's U.S. citizen spouse or child.  8 U.S.C. § 1182(h)(1)-(2).

> By regulation, the Attorney General will ordinarily
>
> not favorably exercise discretion under [8 U.S.C. § 1182(h)(2)] to consent to an application . . . [for] adjustment of status, with respect to immigrant aliens who are inadmissible under section [1182](a)(2) of the Act in cases involving violent or dangerous crimes, except in extraordinary circumstances, such as . . . cases in which an alien clearly demonstrates that the denial of the application for adjustment of status . . . would result in exceptional and unusual hardship.  Moreover, depending on the gravity of the alien's underlying criminal offense, a showing of extraordinary circumstances might still be insufficient to warrant a favorable exercise of discretion . . . .

8 C.F.R. § 1212.7(d).  "[A]n application for discretionary relief, including a waiver under section [1182](h), may be denied in the exercise of discretion without express rulings on the question of statutory eligibility."  In re Mendez-Moralez, 21 I. & N. Dec. 296, 301 (B.I.A. 1996).

First, we lack jurisdiction over Cobos's claim that the IJ and BIA unconstitutionally applied 8 C.F.R. § 1212.7(d) by conflating the "violent or dangerous" standard in that regulation with the "crimes of violence" standard in 8 U.S.C. § 1101(a)(43)(F), because his argument is simply not colorable given the

5

plain language of the rule.  But even assuming this interpretation would constitute constitutional error, the BIA's order -- which is the order we must review, Kazemzadeh, 577 F.3d at 1350 -- is in fact bereft of any reference to the term "crime of violence."  The BIA recounted the specific factual circumstances of Cobos's convictions -- and expressly considered Cobos's assertions that he was intoxicated and did not actually intend to kill or injure the victim -- and concluded that the crimes were "violent or dangerous" under 8 C.F.R. § 1212.7(d), or indeed under any reasonable standard.  Thus, Cobos raises no colorable constitutional claim that the BIA erred by concluding that Cobos's crimes were of the "violent or dangerous" variety, and we lack jurisdiction to consider it.

We also lack jurisdiction over Cobos's arguments relating to how the IJ and BIA evaluated the hardship evidence.  Although Cobos says that the IJ and BIA erred as a matter of law, his contentions amount to an argument that the IJ and BIA abused their discretion.  The BIA considered the hardships Cobos would face away from his family in Mexico, his family's hardship in the United States with and without Cobos, his family's living situation and his children's medical needs, and his son's behavioral issues; the ten allegedly overlooked factors identified by Cobos on appeal are of a similar nature.  Cobos's argument against the BIA's ultimate conclusion that the serious hardships facing the Cobos family were not exceptional and extremely unusual is essentially an argument against the way in

6

which the BIA weighed the evidence. See Alvarez Acosta, 524 F.3d at 1196-97. As a result, we lack jurisdiction to address the BIA's determination that Cobos did not show exceptional and extremely unusual hardship so as to merit a favorable exercise of discretion.

However, we do retain jurisdiction over Cobos's singular colorable constitutional claim: that 8 C.F.R. § 1212.7(d), as applied to him, is unconstitutional because it modifies the showing necessary to be statutorily eligible for a waiver under 8 U.S.C. § 1182(h). Regardless, the claim is without merit. Here, 8 C.F.R. § 1212.7(d), as applied, was not contrary to the statutory eligibility standard for the § 1182(h) waiver because the BIA did not apply the regulation to modify Cobos's statutory eligibility for a waiver or categorically bar him from receiving one. Under 8 U.S.C. § 1182(h), the Attorney General may use his discretion to waive inadmissibility only if certain circumstances, including extreme hardship to a family member, are present. The statute does not guarantee that an alien who statutorily qualifies for a waiver of inadmissibility will receive one, and in fact specifically contemplates that the grant of a waiver is still a discretionary determination by the Attorney General. As for 8 C.F.R. § 1212.7(d), it was not applied so as to categorically bar Cobos from a § 1182(h) waiver of inadmissibility in violation of the separation of powers doctrine. The BIA did not find Cobos ineligible for a 8 U.S.C. § 1182(h)(2) waiver, only that he was not

7

entitled to receive one in the exercise of its discretion.  Accordingly, the regulation is not unconstitutional as applied to Cobos, and we deny his petition as to this claim.

**DENY PETITION IN PART AND DISMISS IN PART.**