Ivan Eric **LINTON**, Petitioner,

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 15-13378
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Filed (February 23, 2017)

---

Matthew L. Hoppock, The Hoppock Law Firm, LLC, Overland Park, KS, for Petitioner

Jeffery R. Leist, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, OIL, Office of Immigration Litigation, Washington, DC, Michelle Ressler, District Counsel's Office, Miami, FL, for Respondent

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Ivan Eric Linton petitions this Court for review of the Board of Immigration Appeals' (BIA) denial of his fifth and sixth motions to reopen his removal proceedings. After careful review, we grant the petition in part and deny in part.

I.

Linton is a native and citizen of Jamaica. He came to the United States in 1979 and became a lawful permanent resident that year. In 1983, Linton pleaded guilty to possession of marijuana and was sentenced to five years of probation. Six years later, he was convicted at trial of conspiracy to possess cocaine and attempted trafficking in cocaine, and was again sentenced to five years of probation. In light of these convictions, in 2005 the Department of Homeland Security (DHS) served Linton with a Notice to Appear, which charged him with removability under the Immigration and Nationality Act (INA). See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time

after admission is deportable."); id. § 1227(a)(2)(B)(i) (same for certain controlled substance violations). At his removal hearing, Linton admitted the allegations in the Notice to Appear and conceded removability. However, he indicated his wish to apply for a waiver of deportation under former INA § 212(c).[1] See 8 U.S.C. § 1182(c) (1994).

The Immigration Judge denied Linton's request for a § 212(c) waiver. The BIA upheld the denial, as did this Court. We affirmed the denial of § 212(c) relief based on a restriction on § 212(c) eligibility that was grounded in the Supreme Court's decision in I.N.S. v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). In St. Cyr, the Supreme Court held that even though § 212(c) had been repealed by the IIRIRA, "§ 212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements" prior to the enactment of IIRIRA and "who ... would have been eligible for § 212(c) relief at the time of their plea." Id. at 326, 121 S.Ct. at 2293. This Court interpreted St. Cyr to mean that "§ 212(c) relief is not available to aliens who were convicted after a trial instead of on a guilty plea." Alexandre v. U.S. Att'y Gen., 452 F.3d 1204, 1207 (11th Cir. 2006) (per curiam); see also Ferguson v. U.S. Att'y Gen., 563 F.3d 1254, 1271 (11th Cir. 2009). The BIA applied Alexandre to Linton's case, holding that due to his 1989 conviction by jury trial, he was not eligible for § 212(c) relief. We agreed. See Linton v. U.S. Att'y Gen., No. 08-15434 (11th Cir. Nov. 18, 2008).

Over the next few years, Linton filed a series of motions to reopen his removal proceedings, asserting his eligibility for § 212(c) relief. Each of these was denied.

On April 6, 2011, Linton was removed to Jamaica where he still lives.

Months before his removal, Linton submitted an "application for asylum and withholding of removal," which the BIA would construe as Linton's fifth motion to reopen. For reasons not clear from the record, the motion was not stamped as received until April 11, 2011—five days after Linton's removal. This motion went unadjudicated for years because Linton, who was then detained and proceeding pro se, had incorrectly submitted it to the Immigration Court instead of the BIA. See 8 C.F.R. § 1003.2(a) (providing that a request to reopen "any case in which a decision has been made by the Board ... must be in the form of a written motion to the Board").

In April 2015, Linton filed a sixth motion to reopen based on the BIA's February 2014 decision in Matter of Abdelghany, 26 I. & N. Dec. 254, 2014 WL 811432 (BIA 2014). In Abdelghany, the BIA changed its interpretation of § 212(c) eligibility to what Linton argued in his earlier motions to reopen. The BIA held that intervening Supreme Court precedent applying St. Cyr "superseded" the "prohibition against granting section 212(c) relief ... to aliens convicted after trial," id. at 268, and that "Immigration Judges nationwide should now treat deportable lawful permanent residents convicted after trial no differently for purposes of section 212(c) eligibility than deportable lawful permanent residents convicted by means of plea agreements." Id. Linton argued in his sixth motion to reopen that the time and number limitations on motions to reopen should be tolled due to the change in the law and, in the alternative, that sua sponte reopening was warranted.

---

1. In September 1996, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) repealed § 212(c), which allowed deportable aliens to seek a waiver of inadmissibility. See Pub. L. No. 104–208, § 304(b), 110 Stat. 3009–597.

In June 2015, the BIA issued a decision denying both Linton's fifth and sixth motions to reopen. The BIA held that the sixth motion was time-barred and rejected Linton's argument that the 90-day time restriction should be equitably tolled. In declining to apply equitable tolling, the BIA explained that Linton filed his motion to reopen over a year after Abdelghany was decided and that Linton failed to show "any misrepresentation or fraud" had "prevented" him from filing his motion sooner. The BIA also declined to exercise its sua sponte authority to reopen the removal proceedings, as Linton had been properly removed for his criminal convictions and was not eligible for § 212(c) relief under the law in effect at the time of removal.

The BIA then turned to Linton's fifth motion to reopen, which it acknowledged had gone unadjudicated since 2011. After "point[ing] out that the motion was improperly filed with the Immigration Court," the BIA treated the motion as if it had originally been filed with the BIA. The BIA denied the motion to reopen because Linton was no longer present in the United States. The BIA explained that the motion "sought reopening to pursue an application for asylum and withholding of removal," both of which are "forms of relief that are only available to persons within the United States." Because Linton's lack of physical presence made him ineligible for the underlying forms of relief sought in the motion to reopen, the BIA reasoned that the motion itself must be denied.

Linton now petitions this Court for review of the BIA's denial of his fifth and sixth motions to reopen.

---

2. Linton also argues that the BIA erred in declining to exercise its sua sponte authority to grant his motion to reopen. This Court has ruled that we have no jurisdiction to review

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam). As an initial matter, the government contends that we lack jurisdiction to review Linton's petition. We review de novo whether we have subject-matter jurisdiction over the denial of a motion to reopen. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam).

■ In general, we lack jurisdiction to review a final order of removal or the denial of a motion to reopen where, as here, the person is removable because he committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C); id. § 1227(a)(2)(A)(iii); Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1262 (11th Cir. 2003) (holding that motions to reopen are subject to the jurisdiction-stripping provision of § 1252(a)(2)(C)). However, under the REAL ID Act of 2005, we retain jurisdiction to address constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 (11th Cir. 2006) (per curiam). Therefore, we have jurisdiction over the BIA's denial of Linton's fifth and sixth motions to reopen only if he has raised either a question of law or a constitutional claim.

A.

■ Regarding Linton's sixth motion to reopen—the one asserting his eligibility for § 212(c) relief in light of Abdelghany— Linton appeals the BIA's decision that he is not entitled to equitable tolling.[2] A BIA decision on whether to grant equitable toll-

---

the BIA's denial of a motion to reopen based on its sua sponte authority. Lenis v. U.S. Att'y Gen., 525 F.3d 1291, 1294 (11th Cir. 2008).

ing is a factual determination that does not raise a question of law or a constitutional claim. See Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam) ("The timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes."); see also Alim v. Gonzales, 446 F.3d 1239, 1252 (11th Cir. 2006) ("Questions of timeliness and the applicability of these exceptions are left exclusively to the Attorney General."). Therefore, we lack jurisdiction to review the BIA's decision to deny Linton's sixth motion to reopen.

### B.

■ We turn next to the BIA's denial of Linton's fifth motion to reopen. The Court does have jurisdiction over this motion because Linton has raised a legal question. That is whether the BIA is permitted to deny a motion to reopen on the ground that the alien is no longer present in the United States. See Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1197 (11th Cir. 2008) (observing that a petitioner who claims that "the immigration judge failed to apply the correct legal standard" states a question of law for purposes of § 1252(a)(2)(D) jurisdiction).

■ Linton argues that the BIA erred by imposing a "physical presence requirement [on] motions to reopen." He is right. This Court held in Jian Le Lin v. U.S. Att'y Gen., 681 F.3d 1236 (11th Cir. 2012), that the physical removal of a petitioner from the United States does not preclude the petitioner from pursuing a motion to reopen. Id. at 1238. Lin involved a petitioner who, like Linton, filed a motion to reopen predicated on a request for asylum. Id. Also like Linton, Mr. Lin was removed from the United States before the BIA could rule on his motion. Id. The BIA denied Mr. Lin's motion to reopen because he was no longer in the United States. Id. We rejected this so-called "departure bar," concluding that it impermissibly conflicts with the statutory right to file a motion to reopen. Id. at 1238, 1240. Congress, we observed, "clearly considered and included some restrictions on the ability to file a motion to reopen but chose not to make a limitation based on the alien's physical location." Id. at 1240; see also Garcia-Carias v. Holder, 697 F.3d 257, 263 (5th Cir. 2012) ("Section 1229a(c)(7) unambiguously gives aliens a right to file a motion to reopen regardless of whether they have left the United States."). In light of Lin, the BIA was wrong to use Linton's removal from the United States as the basis to deny his motion to reopen.

The government argues that the BIA's order provided a separate, independently sufficient reason for denying Linton's fifth motion to reopen: he filed the motion in the wrong venue (in the Immigration Court rather than with the BIA). We are not convinced. It is clear from the BIA's order that Linton's filing mistake was not one of the BIA's grounds for denying the motion. Although the BIA did "point out that the motion was improperly filed with the Immigration Court," it never cited the filing error as reason enough to deny the motion.[3] Rather, the BIA decided to "con-

---

**3.** The government repeatedly asserts that the BIA concluded it "did not have [ ] jurisdiction over" the motion because of the filing error. This is not what the BIA's order said. The BIA never used the term "jurisdiction," nor does anything in its one-sentence discussion of the filing mistake suggest that the mistake implicated any sort of jurisdictional bar.

This Court has not sanctioned denial of a motion to reopen due to this sort of filing error, particularly where the immigrant was detained and proceeding pro se, as Linton was here.

strue" the motion as if it were properly filed, and went on to conclude on the merits that Linton "was lawfully removed and remains abroad, where he cannot qualify for ... [the] relief sought." It was only on this basis—Linton's absence from the country—that the BIA said: "[the motion to reopen] therefore will be denied."

The BIA denied Linton's fifth motion to reopen solely because he was no longer present in the United States. Because this is not a valid basis for denying a motion to reopen, Lin, 681 F.3d at 1238, the BIA erred in denying it on that ground. We therefore grant Linton's petition for review as to his fifth motion to reopen and remand this case to the BIA for a ruling on his fifth motion to reopen.

**PETITION GRANTED IN PART; REMANDED.**