[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10185
Non-Argument Calendar
_____

Agency No. A021-148-528

IVAN ERIC LINTON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 27, 2018)

Before MARTIN, ROSENBAUM, and FAY, Circuit Judges.

PER CURIAM:

Ivan Eric Linton petitions this Court for review of the Board of Immigration Appeals' (BIA) denials of his fifth and seventh[1] motions to reopen his removal proceedings.  After careful review, we dismiss the petition.

I.

Linton, a native and citizen of Jamaica, came to the United States in 1979 and became a lawful permanent resident that year.  In 1983, Linton pled guilty to possession of marijuana, for which he was sentenced to five years of probation.  Six years later, Linton was convicted at trial of conspiracy to possess cocaine and attempted trafficking in cocaine.  He was again sentenced to five years of probation.  In light of these convictions, in 2005 the Department of Homeland Security served Linton with a Notice to Appear, which charged him with removability under the Immigration and Nationality Act (INA).  See 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); id. § 1227(a)(2)(B)(i) (same for certain controlled substance violations).  At his removal hearing, Linton admitted the

---

[1] Linton styled what we are calling his seventh motion as a "motion to accept supplemental evidence out of time and to remand."  The BIA denied the motion, whether treated as a supplement requesting reconsideration of Linton's already-rejected sixth motion to reopen or as a seventh motion to reopen.  To avoid confusion, we refer to it as Linton's seventh motion to reopen.

2

allegations in the Notice to Appear and conceded removability.  However, he applied for a waiver of deportation under former INA § 212(c).[2]  See 8 U.S.C. § 1182(c) (1994).  The Immigration Judge deemed Linton ineligible for a § 212(c) waiver and denied his application.  The BIA later upheld the denial, as did this Court.  On April 6, 2011, Linton was removed to Jamaica where he still lives.

Linton filed a series of motions to reopen his removal proceedings, asserting his eligibility for § 212(c) relief.  Linton also submitted an "application for asylum and withholding of removal," which the BIA treated as a motion to reopen and labelled as Linton's fifth such motion.  The BIA denied each of Linton's motions.

In June 2015, Linton petitioned this Court for review of the BIA's denials of his fifth and sixth motions to reopen.  See Linton v. U.S. Att'y Gen., 680 F. App'x 848, 851 (11th Cir. 2017) (per curiam) (unpublished).  Our Court concluded it lacked jurisdiction to review the BIA's denial of Linton's sixth motion.  See id. at 851–52.  However, we found jurisdiction to review the BIA's denial of Linton's fifth motion.  See id. at 852.  Agreeing with Linton that the BIA had erred by denying his fifth motion, this Court granted Linton's petition for review as to that motion and remanded the case to the BIA for further consideration.  Id. at 852–53.

---

[2] In September 1996, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) repealed § 212(c), which allowed deportable aliens to seek a waiver of inadmissibility.  See Pub. L. No. 104–208, § 304(b), 110 Stat. 3009–597.

After the remand of Linton's case to the BIA, Linton filed a seventh motion to reopen. The BIA again denied Linton's fifth motion to reopen and also denied Linton's seventh motion to reopen.

Before assessing Linton's motions, the BIA explained that motions to reopen are disfavored and a moving party has "the heavy burden of demonstrating that the new evidence offered would likely change the result in the case." The BIA then specified its grounds for denying Linton's motions. Regarding the fifth motion— the one Linton styled as an application for asylum and withholding of removal— the BIA explained that: (1) the motion was untimely and number-barred; (2) Linton did not demonstrate his eligibility for asylum and withholding of removal because he failed to submit sufficient evidence showing changed country conditions or circumstances; (3) Linton failed to demonstrate prima facie eligibility for asylum and withholding; and (4) Linton failed to demonstrate prima facie eligibility for refugee status and protection under the Convention Against Torture. Regarding Linton's seventh motion to reopen, the BIA declined to exercise its sua sponte authority to reopen proceedings and also declared the motion untimely and number-barred.

Linton timely petitioned this Court for review of the BIA's denials of his fifth and seventh motions to reopen. The government contends we lack jurisdiction to review Linton's petition.

4

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003) (per curiam). We review de novo whether we have subject-matter jurisdiction over the denial of a motion to reopen.  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam).

In general, this Court lacks jurisdiction to review a final order of removal or the denial of a motion to reopen where, as here, the person is removable because he committed an aggravated felony.  See 8 U.S.C. § 1252(a)(2)(C); Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1262 (11th Cir. 2003) (holding that motions to reopen are subject to the jurisdiction-stripping provision of § 1252(a)(2)(C)).  Under the REAL ID Act of 2005, though, we ordinarily retain jurisdiction to address constitutional claims and questions of law.  See 8 U.S.C. § 1252(a)(2)(D); Ali v. U.S. Att'y Gen., 443 F.3d 804, 809 (11th Cir. 2006) (per curiam).  But even when a petition for review raises a constitutional claim or question of law, we lack jurisdiction if the BIA denied the motion to reopen based on an alternative, independently sufficient ground that is either unchallenged or unreviewable by this Court.  See Mustafic v. U.S. Att'y Gen., 591 F. App'x 726, 731 (11th Cir. 2014) (per curiam) (unpublished) ("[W]e have explained that we do not have jurisdiction to review a question of law, where doing so would result in an advisory opinion.");

5

cf., e.g., Malu v. U.S. Atty Gen., 764 F.3d 1282, 1290 (11th Cir. 2014) ("Although ordinarily we would have jurisdiction to review whether Congolese wives viewed as property constitute a particular social group because that is a question of law . . . we cannot do so here lest we provide an advisory opinion." (citations omitted)).

## A.

We now turn to the BIA's denial of Linton's fifth motion to reopen.  Relying on the BIA's decision in Matter of L-O-G-, 21 I. & N. Dec. 413 (BIA 1996), Linton argues the BIA erred by requiring him to satisfy the "heavy burden" standard when it should have applied a lesser standard.  See id. at 420 (holding that "[w]here an alien is seeking previously unavailable relief and has not had an opportunity to present her application before the Immigration Judge, the Board will look to whether there is sufficient evidence proffered to indicate a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues further at a full evidentiary hearing").  Linton also contends the BIA misunderstood the basis for his application for withholding of removal and asylum and erroneously assessed Linton's evidence as a result.

Linton's challenge to the BIA's application of the "heavy burden" standard is a question of law over which this Court would ordinarily have jurisdiction.  See Jeune v. U.S. Att'y Gen., 810 F.3d 792, 799 (11th Cir. 2016) ("An argument that the agency applied the wrong legal standard in making a determination constitutes

6

a legal question."). However, the BIA denied Linton's motion on other independent and sufficient grounds. Namely, the BIA grounded its denial in factual determinations that Linton's motion was untimely and Linton had not sufficiently shown changed country conditions. See Pepaj v. Mukasey, 509 F.3d 725, 727–28 (6th Cir. 2007) (concluding the court had no jurisdiction over "factual determination" of whether country conditions have changed); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (per curiam) ("The timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes."). The BIA also based its denial on other primarily factual determinations that Linton had failed to demonstrate prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture. Cf. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231–33 (11th Cir. 2005) (per curiam) (reviewing the BIA's asylum and withholding of removal decisions under the "substantial evidence" test typically reserved for factual determinations). Therefore, this Court lacks jurisdiction to review the BIA's denial of Linton's fifth motion to reopen.

## B.

Finally, we address the BIA's denial of Linton's seventh motion to reopen. Linton argues the BIA erred in subjecting his motion to the time and numerical limitations of a motion to reopen and should have instead treated the motion as a

7

request to remand.  Linton also contends the BIA improperly failed to treat his motion as unopposed and erred by failing to follow the adjudication standards described in the BIA's Practice Manual.  Because the BIA denied Linton's seventh motion on the independent and sufficient ground that it would not exercise its <u>sua sponte</u> discretionary authority to reopen proceedings, this Court lacks jurisdiction over the BIA's denial.  <u>See</u> <u>Lenis v. U.S. Att'y Gen.</u>, 525 F.3d 1291, 1294 (11th Cir. 2008) (holding this Court lacks jurisdiction to review a BIA decision denying a petitioner's motion for <u>sua sponte</u> reopening); <u>see also</u> <u>Butka v. U.S. Att'y Gen.</u>, 827 F.3d 1278, 1285–86 (11th Cir. 2016) ("<u>Lenis</u> . . . forecloses Butka's argument that this Court could review the legal issues presented in her motion to reopen, while declining to reach the question of whether the BIA should have exercised its discretionary power to grant <u>sua sponte</u> reopening.").

    **PETITION DISMISSED.**