[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-10120

_____

D. C. Docket No. A75-434-010

NELSON FERNANDO ALVAREZ ACOSTA,

                                                      Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 16, 2008)**

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

TJOFLAT, Circuit Judge:

Nelson Fernando Alvarez-Acosta ("Alvarez"), a Colombian native and citizen, petitions this court to review the decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his motion for a continuance of his removal proceedings. The IJ denied Alavarez's motion on numerous grounds, among them that Alvarez had been removed from the United States in 1997 following his 1993 conviction for possessing drug paraphernalia. We conclude that we lack subject matter jurisdiction to hear Alvarez's petition because Alvarez's 1993 conviction was of a crime "relating to a controlled substance" under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and the petition presents no constitutional claim or question of law. See 8 U.S.C. §§ 1252(a)(2)(C) and (D).

## I.

In 1993, Alvarez was convicted in the Circuit Court of Broward County, Florida, of possession of drug paraphernalia.[1] On March 11, 1997, an Immigration

---

[1] According to the IJ's decision, on or about August 6, 1993, Alvarez pled nolo contendere to possession of drug paraphernalia (Count I) and driving under the influence (Count II). At sentencing, the court withheld adjudication on Count I and placed Alvarez on six months probation; the court adjudicated Alvarez guilty on Count II and placed him on a concurrent six-months' term of probation. As a condition of probation, Alvarez was to (1) perform 50 hours community service, subject to his right to buyout the community service at the rate of $10 an hour, and (2) attend DUI school.

On November 19, 1993, the court revoked Alvarez's probation on Counts I and II,

2

Judge found him excludable under 8 U.S.C. § 1182(a)(2)(A), which provides that an alien convicted of violating "a law or regulation" "relating to a controlled substance" is inadmissible to the United States.[2]  8 U.S.C. § 1182(a)(2)(A)(i)(II).[3] The IJ ordered Alvarez excluded and deported from the United States.  Alvarez waived his right to appeal the judge's decision to the BIA and was deported to Colombia.[4]

In August 2001, Alvarez reentered the United States, in San Diego, California, without inspection.  On June 19, 2002, he was placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the

---

adjudicated Alvarez guilty on Count I, suspended the sentence on that count, and placed him on a new six-months' term of probation, with a special condition that he return to the DUI school.

[2]  In addition to finding Alvarez inadmissible due to his 1993 conviction, the IJ found him inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i), for misrepresenting a material fact in connection with his admission into the United States, and under 8 U.S.C. § 1182(a)(7)(A)(i)(II), for insufficient documentation for admissibility.

[3]  8 U.S.C. § 1182(a)(2)(A)(i) provides that:

[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i).

[4]  Although Alvarez orally waived his right to appeal, his attorney nonetheless filed a Notice of Appeal, and the BIA affirmed the Immigration Judge's decision.  Alvarez did not petition this court to review the BIA's decision as to his 1997 deportation.

3

United States without having been admitted or paroled. He was personally served with a Notice to Appear on June 24, 2002.

On March 12, 2003, Alvarez appeared with counsel before the IJ, in Miami, Florida, and conceded his removability and the factual allegations in the Notice to Appear. He applied for asylum and, alternatively, requested withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and withholding of removal pursuant to Article 3 of the Convention Against Torture ("CAT").[5] The IJ scheduled a hearing on Alvarez's application for July 15, 2004.

On June 24, 2004, Alvarez, through counsel, moved the IJ to continue the removal proceeding on the following grounds: (1) on November 21, 2003, he had married a United States citizen, Maria Adelaide Wiseman, who, on January 5, 2003, had filed a Form I-130 Petition for Alien Relative ("I-130") in his behalf;[6] (2) Bull v. I.N.S., 790 F.2d 869 (11th Cir. 1986), supported the granting of a

---

[5] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, art. 3, Dec. 10, 1984, 1465 U.N.T.S. 85, see 8 CFR § 208.17 (2002).

[6] The purpose of an I-130 is to establish that there is a legal relationship between the petitioner and the beneficiary of the I-130, such that the beneficiary is entitled to apply for a change or adjustment of status based on that legal relationship. If the beneficiary is the spouse of an United States citizen, as here, then the approved I-130 provides the evidentiary basis for the beneficiary's adjustment of status via Form I-485, Application to Register Permanent Residence or Adjust Status.

4

continuance;[7] and (3) a continuance would prejudice no one.  The IJ denied

Alvarez's motion on July 1, 2004.[8]

On July 15, 2004, the IJ held the scheduled hearing on Alvarez's application

for asylum and alternative request withholding of removal under the INA, and

CAT relief.  At the outset of the hearing, Alvarez, through counsel, renewed

Alvarez's motion for a continuance;[9] the court declined to continue the case and

proceeded with the hearing.

On August 4, 2004, the court entered an oral decision on Alvarez's

application for asylum, withholding of removal, and CAT relief.  Before

proceeding to the merits of Alvarez's application, the IJ explained why she had

denied Alvarez's motion for a continuance of the removal proceeding: granting a

---

[7]  We address Bull's application infra, at note 14.

[8]  The decision contained this notation hand written by the IJ:

The court is unable to reset the case due to its age.  Moreover, respondent has
claimed that he last entered without inspection on August 10, 2001, and he is not
eligible under section 2H5(I) [sic].  Lastly, respondent's prior convictions, his
prior exclusion and deportation and his illegal entries may affect his eligibility for
relief statutorily and as a matter of discretion.

[9]  Alvarez presented the IJ with several exhibits in support of his motion for a
continuance.  They included the October 25, 2001 judgment of the Circuit Court of Dade County,
Florida, dissolving Alvarez's marriage to Margarita Cardona Alvarez.  Margarita Cardona gave
birth in the United States to two of his children.  Prior to marrying Cardona, Alvarez married
another  woman, whose name he did not disclose, in a religious ceremony in Colombia, S.A.  He
told the IJ that he did not know whether that marriage was valid or whether it had been
terminated.

continuance would further delay a two-year-old case by up to 800 days (the estimated wait period for the adjudication of Wiseman's I-130 petition); Alvarez's criminal, immigration, and marital history raised serious questions about his eligibility for an adjustment of status; and it was dubious whether an adjudicator would, in an exercise of discretion, adjust Alvarez's status even if he was determined to be eligible for an adjustment of status. The IJ then denied Alvarez's application for asylum and withholding of removal under the INA and CAT,[10] and ordered Alvarez removed to Colombia. Alvarez appealed the immigration judge's ruling to the BIA and requested that the proceedings be remanded so that, if his I-130 was later approved, he could seek adjustment of status.

On December 8, 2005, in a per curiam opinion, the BIA adopted and affirmed the immigration judge's decision denying Alvarez's motion for a continuance. The Board treated his motion to remand as though it were a motion to reopen his removal proceedings, and held that Alvarez had failed to make a prima facie showing of eligibility for adjustment of status.

---

[10] The IJ found Alvarez's testimony – that he feared he would be persecuted if he returned to Colombia – inconsistent and unbelievable. In particular, what Alvarez said conflicted with the information he had provided in his asylum application and a letter he had submitted to explain the dates of his residence in Colombia and travel to the United States, as well as the time period in which his children resided in Colombia. The IJ further noted that – even if his testimony was credible – she would, in the exercise of her discretion, deny him asylum due to his entry without inspection, criminal history, and the dubious legality of his marriage to Wiseman.

Alvarez now petitions this court for a review of the BIA's decision affirming the IJ's denial of his motion for a continuance,[11] arguing that the decision was contrary to our ruling in <u>Bull v. I.N.S.</u>, 790 F.2d 869 (11th Cir. 1986), and violated his due process under the Fifth Amendment of the United States Constitution.

**II.**

We lack jurisdiction to consider Alvarez's appeal under 8 U.S.C § 1252(a)(2), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, § 106. Section 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by virtue of having committed a criminal offense covered in 8 U.S.C. § 1182(a)(2)," including an offense "relating to a controlled substance" under § 1182(a)(2)(A)(i)(II).[12] Notwithstanding § 1252(a)(2)(C), however, §

---

[11] Alvarez does not seek review of the denial of his application for asylum and his requests for withholding of removal and CAT relief.

[12] On its face, § 1252(a)(2)(C) is limited to "final order[s] of removal." Alvarez petitioned for a review of BIA's order affirming the IJ's simultaneous denial of his motion for a continuance <u>and</u> final order of removal. Thus, it is impossible to pass on the legitimacy of the denial of his motion for a continuance of removal proceedings without also passing on the legitimacy of the removal order; in this case, they effectively merge. Accepting jurisdiction over the denial of Alvarez's motion for a continuance would subvert Congress's intent to eliminate federal court review of removal orders against certain criminal aliens; an alien facing a final removal order would only need to move for a continuance of the removal proceedings at his or her final removal hearing to put within our jurisdiction the IJ's final removal order. We distinguish Alverez's case, which is outside our jurisdiction under subsection (C) of §

1252(a)(2)(D) vests the courts of appeals with jurisdiction over all appeals presenting "constitutional claims or questions of law." REAL ID Act § 106(a)(1)(A)(iii), codified at 8 U.S.C. § 1252(a)(2)(D); Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005) (explaining that the purpose of the REAL ID Act was to allow criminal aliens to raise habeas corpus-type arguments on direct review of removal orders and thereby obviate the need for collateral review). Of course, "we retain jurisdiction to determine whether the statutory conditions for limiting judicial review exist." Vuksanovic v. U.S. Att'y Gen., 439 F.3d 1308, 1310-11 (11th Cir. 2006) (determining that Vuksanovic's second-degree arson conviction amounted to a crime involving moral turpitude, such that we lacked jurisdiction under § 1252(a)(2) to consider his petition).

A.

Alvarez was convicted of possession of drug paraphernalia and later found excludable and deported under § 1182(a)(2)(A)(i)(II) for violating a law "relating to a controlled substance." He waived his right to appeal that ruling. He now contends, however, that possession of drug paraphernalia is not a criminal

---

1252(a)(2), from our decision in Zafar v. U.S. Att'y Gen., 461 F.3d 1257 (11th Cir. 2006), which dealt with a denial of a motion for a continuance that was in our jurisdiction under subsection (B) of the same section. We decline to extend our previous decision to the petitions of aliens, like Alvarez, who are "removable by virtue of having committed" a drug-related crime, as we discuss further in note 13. 8 U.S.C. § 1252(a)(2)(C).

violation "relating to a controlled substance," because he could have used the drug paraphernalia he possessed with <u>any</u> controlled substance, not "<u>a</u>" specific controlled substance. Petitioner's Reply Br. at 5.

We find his pencil-thin interpretation of § 1182(a)(2), which speaks in broad strokes, unpersuasive. <u>See</u> 8 U.S.C. § 1182(a)(2)(A)(I) ("[A]ny alien convicted of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . is inadmissible"). Moreover, as a practical matter, it is unfathomable that Congress would exclude from our jurisdiction appeals brought by those convicted of possessing, say, a cocaine freebase kit, but not those convicted of possessing scales, razor blades, and plastic baggies, simply because the latter paraphernalia provide more versatility in violating a law "relating to a controlled substance."[13]

B.

Nonetheless, Alvarez argues that we have jurisdiction under §

---

[13] Although Alvarez was most recently in removal proceedings for entering the United States without inspection or parol, he has already been deported once for a drug-related conviction, and therefore he still "is removable by reason of having committed a criminal offense" covered in 8 U.S.C. § 1182(a)(2)(A)(i)(II). 8 U.S.C. § 1252(a)(2)(C). As a practical matter, an alien who was deported for a drug-related conviction and who then sneaked back into the country falls within jurisdiction limitations of § 1252(a)(2)(C): the motivation behind Alvarez's clandestine reentry undoubtedly was to avoid removal "by reason of having committed a criminal offense" "related to a controlled substance." <u>See</u> 8 U.S.C. § 1182(a)(2)(A)(i)(II).

9

1252(a)(2)(D) because he presents a legal question and a constitutional claim.

1.

Alvarez argues that the IJ abused her discretion by failing properly to weigh the factual scenario he presented. Such a garden-variety abuse of discretion argument – which can be made by virtually <u>every</u> alien subject to a final removal order – does not amount to a legal question under § 1252(a)(2)(D). If it did, then the remainder of § 1252(a)(2), which exempts certain petitions from our jurisdiction, would be meaningless. Alvarez does not argue that the immigration judge failed to apply the correct legal standard.[14] He therefore does not present a legal question under the meaning of § 1252(a)(2)(D). <u>See</u> <u>De La Vega v.</u>

_____

[14] Alvarez points to our decision in <u>Bull v. I.N.S.</u>, 790 F.2d 869 (11th Cir. 1986), for the proposition that "refusal to grant a continuance in deportation proceedings when a visa petition is pending that would allow a person to file for adjustment of status in the United States may be an abuse of discretion." Petitioner's Br. at 7. In <u>Bull</u>, we held that the IJ abused his discretion when he denied Bull's request for a continuance of the removal proceeding because "the legal conclusion upon which the denial was based [was] incorrect." <u>Bull</u>, 790 F.2d at 872. Specifically, the IJ based his denial on the incorrect legal conclusion that there was no way the petitioner could become eligible for an adjustment of status because of his prior conviction of a "crime involving moral turpitude" as defined in 8 U.S.C. § 1182(a)(9). <u>Bull</u>, 790 F.2d at 872. The IJ had failed to note, however, that due to his marriage to a United States citizen, Bull might potentially qualify for a waiver of ineligibility under § 1182(a)(9). <u>Bull</u>, 790 F.2d at 872. <u>See</u> 8 U.S.C. § 1182(h).

Unlike the petitioner in <u>Bull</u>, Alvarez does not argue that the IJ misunderstood or misapplied the law. As a side note, Alvarez's case is further contrasted with Bull's in that Alvarez is not eligible for a waiver of his ineligibility for adjustment of status under 8 U.S.C. § 1182(a)(2)(A)(i)(II), due to his conviction of a crime "relating to a controlled substance." <u>See</u> 8 U.S.C. 1182(h) (allowing, in certain circumstances, for a waiver of ineligibility under § 1181(a)(2)(A)(i)(II), "insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana").

Gonzales, 436 F.3d 141, 146 (2d Cir. 2006) ("[C]hallenges to the exercise of routine discretion by the Attorney General (or the BIA as his designee) do not raise 'constitutional claims or questions of law,' and may not therefore be reviewed by this court, notwithstanding Section 106 of the REAL ID Act").

2.

We have previously noted that a petitioner must present a "substantial" – meaning non-frivolous – constitutional claim for us to thereby have jurisdiction under § 1252(a)(2)(D).  Vuksanovic v. U.S. Att'y Gen., 439 F.3d 1308, 1312 (11th Cir. 2006).  Alvarez argues that he was deprived of a liberty interest in not being removed from the United States without due process, in violation of the Fifth Amendment.  The relief he sought here, however, was a continuance of his removal proceeding so that he might pursue an adjustment of status.  Both forms of relief – a continuance of removal proceedings and an adjustment of status – are discretionary; as such, he was deprived of no liberty interest, see Mejia Rodriguez v. Reno, 178 F.3d 1139, 1146-1148 (11th Cir. 1999), and he presents no substantial constitutional claim that gives us jurisdiction under § 1252(a)(2)(D).

For the foregoing reasons, the petition is

**DISMISSED.**

11

BARKETT, Circuit Judge, DISSENTING:

I believe we have jurisdiction in this case. Alvarez-Acosta was not ordered removed based on his prior criminal conviction for possession of drug paraphernalia under 8 U.S.C. § 1182(a)(2)(A)(i)(II) which would have deprived this court of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). Rather, the Immigration Judge ordered the removal of Alvarez-Acosta from the United States to Colombia under § 212(a)(6)(A)(I) of the Immigration and Nationality Act as an alien present in the United States without having been admitted or paroled.

Accordingly, I agree with those circuits that have found that we have jurisdiction to review claims in which the alien has been found removable for a reason <u>other</u> than a criminal conviction that would potentially bar judicial review. See <u>Hernandez-Barrera v. Ashcroft</u>, 373 F.3d 9, 20 (1st Cir. 2004); <u>Lemus-Rodriguez v. Ashcroft</u>, 350 F.3d 652, 654-55 (7th Cir. 2003); <u>Alvarez-Santos v. INS</u>, 332 F.3d 1245, 1253 (9th Cir. 2003); <u>Yousefi v. INS</u>, 260 F.3d 318, 325 (4th Cir. 2001).

Nonetheless, on the merits of Alvarez-Acosta's petition, I would deny relief on the basis that the Immigration Judge did not abuse her discretion in denying Alvarez-Acosta's motion for a continuance of the removal proceedings.