# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1795

_____

Jose Chavez Hernandez,      *

                    *

       Petitioner,      *

                    *    Petition for Review of

     v.                   *    an Order of the Board

                    *    of Immigration Appeals.

Eric H. Holder, Jr., Attorney General      *

of the United States,      *    [UNPUBLISHED]

                    *

       Respondent.      *

_____

Submitted: November 4, 2010
Filed: November 21, 2011

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jose Chavez Hernandez, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1995. In 2006 he pleaded guilty in Woodbury County, Iowa, to conspiracy to deliver methamphetamine. At removal proceedings in October 2009, Hernandez conceded he was removable (based on the Iowa conviction) as an alien convicted of a controlled-substance offense, see 8 U.S.C. § 1182(a)(2)(C), and as an alien convicted of a crime involving moral turpitude, see 8 U.S.C. § 1182(a)(2)(A)(i)(I). In December 2009 an immigration judge denied Hernandez's request for a further continuance of the removal proceedings and ordered

him removed. The Board of Immigration Appeals dismissed Hernandez's appeal and he petitions for review. We lack jurisdiction to review Hernandez's petition. See 8 U.S.C. § 1252(a)(2)(C) (no court shall have jurisdiction to review final order of removal against alien who is removable by reason of committing criminal offense covered under, inter alia, § 1182(a)(2)(C)).[1]

Accordingly, we dismiss the petition.

_____

_____

[1]Hernandez did not raise below, or here, a legal argument that an Iowa conviction for conspiracy to deliver methamphetamine is not a controlled-substance conviction for purposes of section 1182(a)(2)(C), see 8 U.S.C. § 1252(a)(2)(D) (jurisdiction to review questions of law is retained), nor did he raise any substantial constitutional challenge, see Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1197 (11th Cir. 2008) (courts retain jurisdiction under § 1252(a)(2)(D) to entertain substantial constitutional challenges); see also Ming Ming Wijono v. Gonzalez, 439 F.3d 868, 871-72 (8th Cir. 2006) (administrative exhaustion requirements).