[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12327
Non-Argument Calendar

_____

Agency No. A042-732-496

CHIN JU LAU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 15, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Chin Ju Lau seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the Immigration Judge's ("IJ") denial of withholding of removal and relief under the Convention Against Torture ("CAT").

Lau is a Chinese citizen who entered the United States as a lawful permanent resident. The Department of Homeland Security issued him a notice to appear and an I-261 form alleging that he was removable for being an alien who knowingly encouraged, induced, assisted, abetted, or aided another alien in attempting to illegally enter the United States, and because he was convicted of an aggravated felony: conspiracy and attempted smuggling of illegal aliens for the purpose of commercial advantage and financial gain.

The IJ issued an oral decision finding that Lau was removable because he committed an aggravated felony, concluding that Lau had not shown a clear probability that his life or freedom would be threatened on any protected ground were he removed to China. The IJ did not credit his testimony due to a material inconsistency regarding whether he would take his children back to China with him, and denied his applications for relief. And the IJ found that this inconsistency, coupled with Lau's failure to establish a clear probability of future

2

persecution or that his children would accompany him to China, was sufficient to deny Lau's CAT claims

Lau appealed to the BIA, which dismissed his appeal. The BIA stated that Lau did not challenge the IJ's finding that he was removable because he was convicted of an aggravated felony. It found that, even if his testimony were credible, he would still be subject to removal because he did not establish past persecution. The BIA agreed with the IJ's finding that Lau did not establish that his children would accompany him to China and trigger persecution because of China's family-planning policy. And it found that Lau's CAT claim could not succeed because LAU did not experience past torture and was not likely to be identified as violating China's family-planning policy.

We review the BIA's decision as the final agency decision, unless it expressly adopted the IJ's opinion or agreed with the IJ's reasoning. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Where the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009).

Our jurisdiction to review orders of removal is limited by the Immigration and Nationality Act ("INA"), which provides that no court shall have jurisdiction to review a final order of removal against an alien who is removable for having

3

committed an aggravated felony. INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii); INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, over "constitutional claims or questions of law raised upon a petition for review." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We have held that a challenge to an IJ's weighing of the evidence does not present a legal question for the purposes of INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196 97 (11th Cir. 2008). In addition, a credibility determination is considered a finding of fact. *See Xiu Ying Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 493 (11th Cir. 2013). A legal question involves an assertion that an incorrect legal standard was applied. *See Alvarez Acosta*, 524 F.3d at 1197.

We also lack jurisdiction to review any claim as to which the petitioner has failed to exhaust his or her administrative remedies. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). Thus, we lack jurisdiction to hear any argument that a petitioner failed to raise before the BIA. *Id.*; *see* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). In order for a petitioner's claim to be exhausted, the petitioner must have raised the "core issue now on appeal" before the BIA. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted).

4

When a petitioner fails to offer argument on an issue on appeal, that issue is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). To adequately raise an issue, a litigant must do so "plainly and prominently" by, for example, "devoting a discrete section of his argument to those claims." *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) (alteration adopted) (quotation marks omitted).

Lau has not raised any legal or constitutional questions in this court; we therefore lack jurisdiction over his petition for review. Lau does not challenge the IJ's finding that he is removable because he committed an aggravated felony. This issue is therefore abandoned. *See Sepulveda*, 401 F.3d at 1228 n.2. Lau raised due process arguments before the BIA but has not raised any such arguments in this court. That constitutional issue is likewise abandoned. *Id.*

Lau's petition contains no legal questions. He challenges the IJ's adverse credibility finding and argues that he submitted enough evidence to show a likelihood of persecution and torture upon returning to China because of his felony conviction and violation of China's family-planning policy. These are challenges to the IJ's weighing of the evidence. Under our precedent, these challenges do not present a legal question for the purposes of INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). *Alvarez-Acosta*, 524 F.3d at 1196-97. We therefore cannot consider them.

5

Finally, Lau argues that he is entitled to CAT relief because he would be tortured in China due to his felony conviction.  Lau did not raise this claim before the BIA.  Because he did not administratively exhaust claim, we lack jurisdiction over it.  *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga*, 463 F.3d at 1250.

We lack jurisdiction over Lau's petition for review because he was deemed removable for having committed an aggravated felony and has not raised a legal or constitutional question in his petition.  Therefore, we dismiss Lau's petition.

**PETITION DISMISSED.**