[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10470

Non-Argument Calendar

_____

MARKO KNEZEVIC,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A099-227-743

_____

Before WILSON, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Marko Knezevic petitions for review of the Board of Immigration Appeals's (BIA) final order dismissing his appeal of the Immigration Judge's (IJ) discretionary denial of waiver of inadmissibility under the Immigration and Nationality Act (INA) § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H).   After careful review, we dismiss the petition.

## I.

Mr. Knezevic is a native of Yugoslavia and a citizen of Serbia. In May 2004, he entered the United States with Ivana Stevanovic on an H-2B visa as a temporary non-immigrant worker.  In October 2004, Mr. Knezevic married Amanda Rakes, a United States citizen, and thus, obtained conditional permanent resident status in June 2005.  Mr. Knezevic's status remained conditional until he proved after a specific time that he did not enter the marriage to circumvent the United States' immigration laws.

After divorcing Ms. Rakes in October 2006, Mr. Knezevic petitioned to remove the condition on his lawful permanent status. Mr. Knezevic could have the condition removed by showing that even though his marriage to Ms. Rakes ended in a divorce, the parties married in good faith.  In June 2010, the Department of Homeland Security (DHS) terminated Mr. Knezevic's lawful permanent resident status because it determined that Mr. Knezevic entered the

marriage with Ms. Rakes for consideration and to obtain immigration benefits.

In September 2011, DHS filed a Notice to Appear that initiated removal proceedings against Mr. Knezevic. The Notice to Appear charged Mr. Knezevic with removability under 8 U.S.C. § 1227(a)(1)(D)(i) as a noncitizen whose conditional permanent resident status was terminated. In February 2012, Mr. Knezevic admitted the allegations in the Notice to Appear but denied the charge of removability. The IJ concluded Mr. Knezevic was removable as charged. Because of a pending visa petition, the IJ continued Mr. Knezevic's case.

In December 2011, Mr. Knezevic married Rachael Knezevic. In September 2012, Mrs. Knezevic filed a visa petition on behalf of Mr. Knezevic. In August 2013, the United States Citizenship and Immigration Services (USCIS) issued a notice of its intent to deny Mrs. Knezevic's visa petition because of Mr. Knezevic's fraudulent marriage to Ms. Rakes. In response, Mr. Knezevic filed affidavits and evidence to show that his marriage to Ms. Rakes was bona fide. Ultimately, USCIS denied his petition.

After USCIS denied his visa petition, Mr. Knezevic sought a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H).[1] At the

---

[1] Procuring admission into the United States through "fraud or willfully misrepresenting a material fact" is a ground for inadmissibility, INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i), but this ground may be waived under § 237(a)(1)(H), see INA § 237(a)(1)(A), (H)(i), 8 U.S.C. § 1227(a)(1)(A),

4                    Opinion of the Court                    21-10470

hearing before the IJ, Mr. Knezevic testified that after his H-2B visa expired, Ms. Stevanovic said that she could find him some options to help him get his green card faster.  Mr. Knezevic testified that marrying Ms. Rakes was mistake and that he felt that he had to stick to his story that the marriage was bona fide.  Ultimately, on cross-examination, Mr. Knezevic admitted to paying Ms. Rakes $1,000 to marry him.

The IJ issued a written decision and made an adverse credibility finding against Mr. Knezevic based on his fraudulent misrepresentations for over ten years about his prior marriage to Ms. Rakes along with other inconsistences in his testimony and the record.  The IJ also determined that Mr. Knezevic met the statutory requirements for a waiver of inadmissibility under 8 U.S.C. §

---

(H)(i). The § 237(a)(1)(H) fraud waiver is available, at the Attorney General's discretion, for an alien who was "inadmissible at the time of admission" for fraud, "whether willful or innocent," and:

> (i)(I) is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and

> (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a) of this title which were a direct result of that fraud or misrepresentation.

INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H).

1227(a)(1)(H). However, the IJ then noted that Mr. Knezevic must also show that he warranted the waiver as a matter of discretion. In addressing that issue, the IJ found that because Mr. Knezevic's "continued efforts to conceal his lies and knowingly violate immigration laws reflected a lack of contrition and accountability," Mr. Knezevic did not merit a discretionary waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H).

Mr. Knezevic appealed to the BIA and argued that the IJ erred in denying his waiver application as a matter of discretion and the IJ clearly erred in his adverse credibility finding. After conducting a de novo review, the BIA adopted and affirmed the IJ's decision that Mr. Knezevic did not merit an exercise of discretion in his favor for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H). Specifically, the BIA noted as a significant negative factor against Mr. Knezevic that he "continued to perpetuate the fraud for over ten years." However, the BIA specifically noted that it was not reaching Mr. Knezevic's argument about the IJ's adverse credibility finding. This petition for review timely followed.

On appeal, Mr. Knezevic makes two arguments. First, he asserts that the IJ's adverse credibility finding was unsupported by neither specific and cogent reasons nor substantial evidence. Second, he argues that the IJ's determination that he did not merit a discretionary waiver was made without rational justification. We will address each argument in turn.

## II.

We review only the decision of the BIA "except to the extent the BIA expressly adopts the IJ's opinion." *Lopez v. U.S. Att'y. Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). Thus, if "the BIA agrees with the IJ's reasoning, we review the decisions of both the BIA and the IJ to the extent of the agreement." *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (per curiam). Issues not reached by the BIA are not properly before us, and we will not consider them. *Id.*

To support his argument that this court should review the IJ's decision, Mr. Knezevic correctly notes that this court will review the IJ's decision if the BIA adopts and agrees with the IJ's decision. However, Mr. Knezevic ignores an important aspect of the BIA's decision in his case. Although the BIA expressly adopted and affirmed the IJ's decision, the BIA dropped a footnote to explain that it was not addressing Mr. Knezevic's argument about the IJ's adverse credibility finding. Specifically, the BIA noted that it did not need to reach the issue. Because the BIA did not consider the IJ's adverse credibility finding, that finding is not before us. *See Gonzalez*, 820 F.3d at 403.

## III.

Next, Mr. Knezevic focuses on the IJ's decision that Mr. Knezevic did not merit an exercise of discretion for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H). Specifically, Mr. Knezevic argues the IJ abused his discretion by cherry-picking the

evidence and mischaracterizing the testimony to support his decision. Further, Mr. Knezevic argues the IJ's finding that Mr. Knezevic did not merit a discretionary waiver of inadmissibility was made without rational justification.

First, we review our subject matter jurisdiction de novo. *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). By statute, we lack jurisdiction to review any decision that is committed to the discretion of the Attorney General. 8 U.S.C. § 1252(a)(2)(B)(ii). Absent a constitutional question or a question of law, we lack jurisdiction to review the discretionary denial of a waiver under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). *Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549 (11th Cir. 2011) (per curiam).

Because the IJ's decision was a discretionary denial of waiver under 8 U.S.C. § 1227(a)(1)(H), we must determine whether Mr. Knezevic's two arguments present legal questions for us to review. First, Mr. Knezevic argues that the IJ abused his discretion in cherry-picking the evidence and mischaracterizing the testimony. This is "a garden-variety abuse of discretion" argument that the agency failed to properly weigh the facts Mr. Knezevic presented because it "can be made by virtually every alien." *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196 (11th Cir. 2008). Thus, Mr. Knezevic's first argument does not amount to a legal question.

Second, Mr. Knezevic argues that the IJ's finding that he did not merit a discretionary waiver of inadmissibility was made without rational justification and is therefore legally erroneous. The

Attorney General responds that Mr. Knezevic failed to exhaust this argument before the BIA.

We may review a final order of removal only if the petitioner "has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The failure to present a claim to the BIA precludes our review because it constitutes a failure to exhaust. *Lin*, 881 F.3d at 867. "This is not a stringent requirement," and it only requires that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (internal quotation marks omitted). "Though exhaustion does not require a petitioner to use precise legal terminology or provide a well[-]developed argument to support [his] claim, it does require that []he provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted). "Unadorned, conclusory statements do not satisfy this requirement." *Id.* Accordingly, in determining whether a petitioner has exhausted a claim, we "must look to the substance of the appeal [before the BIA] for facts and allegations that make manifest the petitioner's attempt to raise this claim before the BIA." *Id.* at 1298.

In both his briefs to the BIA and this court, Mr. Knezevic identified the same factors and facts from the IJ's decision, but his arguments are completely different. At the BIA, Mr. Knezevic argued that the IJ erred in finding that Mr. Knezevic did not merit a discretionary waiver of inadmissibility because the IJ focused on his only negative factor, the marriage fraud, to find that he was

undeserving of the discretionary relief.  Therefore, Mr. Knezevic did not argue before the BIA that the IJ failed to provide a rational justification for his decision.[2]  Rather, Mr. Knezevic only argued that the IJ weighed the negative factor more heavily than his positive factors in determining if discretionary relief was warranted.  Mr. Knezevic's argument about how the IJ balanced the factors is not the same as an argument on how the IJ failed to provide a rational justification.

Because Mr. Knezevic did not argue before the BIA that the IJ failed to provide a rational justification for his discretionary denial of waiver under 8 U.S.C. § 1227(a)(1)(H), Mr. Knezevic failed to exhaust that claim.  Thus, we lack jurisdiction to consider it.

## IV.

Thus, we dismiss the petition to review the IJ's adverse credibility decision because it is not before us.  Further, we dismiss the petition to review the IJ's determination that Mr. Knezevic did not merit an exercise of discretion for a waiver of inadmissibility under 8 U.S.C. § 1227(a)(1)(H) because we lack jurisdiction.

**PETITION DISMISSED.**

---

[2] Whether or not the IJ failed to provide a rational justification for denying Mr. Knezevic's request for a discretionary waiver of inadmissibility is a claim "within the purview of the BIA which can provide a remedy," and thus, "the exhaustion requirement applies with full force." *Sundar v. INS*, 328 F.3d 1320, 1325 (11th Cir. 2003).