[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10324

Non-Argument Calendar

_____

REINERIA ESTREMOR,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A079-458-926

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Reineria Estremor seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for cancellation of removal under the Immigration and Nationality Act ("INA"), § 240A(b)(2)(A)(i)(I), 8 U.S.C. § 1229b(b)(2)(A)(i)(I), based on an adverse credibility determination. She argues that the IJ based the adverse credibility determination on preconceived stereotypes regarding abuse survivors, substantial evidence does not support the adverse credibility determination, and substantial evidence supports her case.

We review our jurisdiction *de novo*. *Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). We also consider jurisdictional issues *sua sponte*. *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 n.17 (11th Cir. 2020) (*en banc*), *cert. granted*, (U.S. June 28, 2021) (No. 20-979).

We may review an argument only if the petitioner "has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional, so the failure to exhaust precludes our review of a claim that was not presented to the BIA. *Lin*, 881 F.3d at 867. "This is not a stringent requirement" and only requires that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297

(11th Cir. 2015) (quotation marks omitted). "Though exhaustion does not require a petitioner to use precise legal terminology or provide a well[-]developed argument to support her claim, it does require that she provide information sufficient to enable the BIA to review and correct any errors below." *Id.* (quotation marks omitted, alteration in original). "Unadorned, conclusory statements do not satisfy this requirement." *Id.* Accordingly, in determining whether a petitioner has exhausted a claim, we "must look to the substance of the appeal [before the BIA] for facts and allegations that make manifest the petitioner's attempt to raise this claim before the BIA." *Id.* at 1298.

Under the discretionary decision jurisdictional bar, we lack jurisdiction to review "any judgment regarding the granting of" an application for cancellation of removal under INA § 240A, 8 U.S.C. § 1229b. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see Patel*, 971 F.3d at 1272. Under the jurisdiction bar, we may consider constitutional claims and questions of law regarding cancellations of removal, but we cannot review factual determinations or claims of abuse of discretion in that context. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); *Alvarez-Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008). An adverse credibility finding is a factual conclusion, not a legal one. *Wu v. U.S. Att'y Gen.*, 712 F.3d 486, 493 (11th Cir. 2013) (reviewing an adverse credibility determination like "other factual findings") (quotation marks omitted). We review adverse credibility determinations for substantial evidence, and when an IJ bases an adverse credibility finding on stereotypes,

that finding is speculative and unsupported by substantial evidence. *See Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1325 (11th Cir. 2010).

The Attorney General may cancel an alien's removal if she shows that her lawful permanent resident spouse battered or subjected her to extreme cruelty. INA § 240A(b)(2)(A)(i)(II), 8 U.S.C. § 1229b(b)(2)(A)(i)(II). She must also demonstrate that (1) she has been continuously physically present in the United States for the prior three years; (2) she has been a person of good moral character throughout her presence in the United States; (3) she is not inadmissible under other statutory provisions; and (4) she or a qualifying family member would suffer extreme hardship if she were removed. INA § 240A(b)(2)(A)(ii)-(v), 8 U.S.C. § 1229b(b)(2)(A)(ii)-(v).

We lack jurisdiction over Estremor's petition because she challenges a judgment denying her application for cancellation of removal without raising a constitutional claim or question of law. Rather, her stereotyping argument amounts to a claim that the agency speculated and wrongly weighed the evidence, which is an issue regarding substantial evidence that does not qualify as a legal argument that we may review. Further, before the BIA, Estremor did not argue that the IJ misstated the record as a legal matter. Therefore, she failed to exhaust that argument, and we lack jurisdiction to consider it. Accordingly, we dismiss the petition.

**PETITION DISMISSED.**