NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-2951

———————

SHAN CHAUDHARY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

———————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A072-762-476)
Immigration Judge:  Robert M. Lewandowski

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 14, 2022

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed November 22, 2022)

———————

OPINION*

———————

AMBRO, Circuit Judge,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Shan Chaudhary petitions us to review the denial by the Board of Immigration Appeals ("BIA") of his attempt to overturn his removal order. We deny his petition.

## I.

Chaudhary, a citizen and native of Pakistan, arrived in the United States in 1986 at age five and became a permanent resident in 1995. In August 2019, he pled guilty to five counts of possession of child pornography in violation of 11 Del. C. § 1111 and was sentenced to three years in prison. In August 2020, the Department of Homeland Security ("DHS") took Chaudhary into immigration custody and issued a Notice to Appear that charged him with removability for being convicted of an aggravated felony relating to his possession of child pornography. 8 U.S.C. § 1227(a)(2)(A)(iii). In October 2020, DHS filed an additional charge of removability based on Chaudhary's conviction of "a crime of child abuse, child neglect, or child abandonment." 8 U.S.C § 1227(a)(2)(E)(i).

The Immigration Judge ("IJ") denied the aggravated felony charge of removability because the state statute was overbroad and not a categorial match of the federal statute. However, he sustained the child abuse charge of removability because the BIA's definition of child abuse covers the conduct criminalized in § 1111. The IJ then determined that, although Chaudhary was statutorily eligible for discretionary cancellation of removal, his circumstances did not warrant a favorable grant. In making this decision, the IJ considered a wide array of factors, including the length of time Chaudhary has lived in the United States, his family connections in the United States, his lack of family connections in Pakistan, the care he provided to his parents with serious health problems, the sexual abuse he experienced as a child, his employment history, and his remorse for the crimes he committed. The IJ also considered Chaudhary's testimony that he watched child pornography "a few days a week" for four or five

2

years as well as his admitted 25-year history of marijuana use, which also involved a prior possession conviction. App. at 52.

Chaudhary appealed the IJ's decision to the BIA, which dismissed the appeal, ruling that the IJ properly held possession of child pornography is a crime of child abuse and defending the IJ's decision as a matter of discretion in denying cancellation of removal.

The BIA had jurisdiction to review the IJ's removal decision under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. Because only the BIA can issue a final order of removal, our jurisdiction is limited to review of its decision. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020). However, "we also review the IJ's decision to the extent it is adopted, affirmed, or substantially relied upon by the BIA." *Id.* We have limited jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). While we can review legal determinations relating to a final order of removal, we are barred from reviewing purely discretionary decisions under 8 U.S.C. § 1252(a)(2)(B).

## II.

### A. Possession of Child Pornography Is a Crime of Child Abuse.

Chaudhary argues the BIA erred in concluding that possession of child pornography under 11 Del. C. § 1111 qualifies as a "crime of child abuse" rendering him removable under the Immigration and Nationality Act ("INA"). Under federal law, "[a]ny alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C § 1227(a)(2)(E)(i).

While the INA does not define "child abuse" in the statute, we have deferred to the BIA's broad definition of

> any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's

3

physical or mental well-being, including sexual abuse or exploitation. At a minimum, this definition encompasses convictions for offenses involving the infliction on a child of physical harm, even if slight; mental or emotional harm, including acts injurious to morals; sexual abuse, including direct acts of sexual contact, but also including acts that induce (or omissions that permit) a child to engage in prostitution, pornography, or other sexually explicit conduct; as well as any act that involves the use or exploitation of a child as an object of sexual gratification . . . .

*Salmoran v. Att'y Gen.*, 909 F.3d 73, 83 (3d Cir. 2018) (quoting *Matter of Velazquez-Herrera,* 24 I. & N. Dec. 503, 512 (B.I.A. 2008)). Typically, we compare the entire statute criminalizing the petitioner's conduct with this definition to determine if he committed a crime of child abuse using the categorical approach. *Id*. at 76 n.7. Under this approach, we do not consider the facts of the particular case; instead, we look at whether the "*least* serious conduct" punishable by the state statute matches the federal offense. *Borden v. United States*, 141 S. Ct. 1817, 1832 (2021). However, because the statute at issue, § 1111, is divisible into two distinct offenses—subsection (1) criminalizing possession of pornography depicting real children, and subsection (2) criminalizing possession of pornography depicting computer-generated images of children—the modified categorical approach is the appropriate analytical framework. *Singh v. Att'y Gen.*, 839 F.3d 273, 279 (3d Cir. 2016). If applying it, we must "determine which of the alternative elements was the actual basis for the underlying conviction" by "examining the charging document[s] and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." *Id.* (internal quotation marks omitted). Then we compare only that subsection of the statute to the BIA's definition of a crime of child abuse. *Id.*

The BIA and IJ erred in applying the categorical approach, instead of the modified categorical approach, when comparing the entirety of § 1111 to the BIA's definition of child abuse. Despite this, remand is not necessary because the "(1) [the analysis] is purely legal; (2) it

4

does not implicate the agency's expertise; (3) review would be *de novo*; and (4) no fact-finding is necessary." *Vurimindi v. Att'y Gen.*, 46 F.4th 134, 140 (3d Cir. 2022). This determination we can do ourselves.

Here, Chaudhary's amended indictment quotes the exact language from subsection (1) of § 1111, the subsection involving possession of pornography depicting images of real children. Further, neither party disputes that the images were of real children. We have previously held that possession of child pornography under New Jersey law qualifies as a "crime of child abuse" because it circulates the permanent record of a child's abuse in a way that perpetuates that abuse and exacerbates the harm to the child. *Salmoran*, 909 F.3d at 83. This reasoning applies equally to Delaware's § 1111(1) because they have nearly identical language. *Compare* N.J. Stat. Ann. § 2C:24-4(b)(1)(a), (b)(5)(b) (criminalizing "knowing[] possess[ion]" of media that "depicts a child engaging in a prohibited sexual act or in the simulation of such an act") *with* 11 Del. C. § 1111(1) (criminalizing "knowing[] possess[ion] [of] any visual depiction of a child engaging in a prohibited sexual act or in the simulation of such an act").

Chaudhary argues that because he never attempted to have any inappropriate physical contact with a minor, he did not commit a crime of child abuse. We squarely rejected this argument in *Salmoran*. 909 F.3d at 83 (internal quotation marks omitted) (explaining that a crime can still be one of child abuse even with no "proof of actual harm or injury to the child"). Ultimately, the IJ and BIA correctly held Chaudhary is removable because, even absent physical contact with a minor, the Delaware statute is clearly a crime of child abuse under *Salmoran*.

**B. This Court Does Not Have Jurisdiction to Review the BIA's Exercise of Discretion.**

Chaudhary argues we should reverse the BIA's decision because the IJ erred when he exercised his discretion to deny cancellation of removal. Specifically, Chaudhary seeks relief

5

under § 1229b, which allows *discretionary* cancellation of removal for any alien who "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). Our appellate jurisdiction does not extend to reviewing denials of discretionary relief. 8 U.S.C. § 1252(a)(2)(B). As relevant here, the INA states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." *Id.* at (a)(2)(B)(i). Section 1252(a)(2)(D) makes an exception for "review of constitutional claims or questions of law." Yet it doesn't apply here because Chaudhary does not allege any legal defect in the BIA or IJ's exercise of discretion. What occurred more resembles a "garden-variety abuse of discretion argument . . . [that] does not amount to a legal question under § 1252(a)(2)(D)." *Alvarez Acosta v. Att'y Gen.*, 524 F.3d 1191, 1196-97 (11th Cir. 2008). Moreover, we lack jurisdiction to review the BIA's weighing of positive and negative factors under § 1229b. *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 200 (3d Cir. 2017). Therefore, absent an allegation that the BIA violated a rule of law or provision of the Constitution, we lack jurisdiction to review its exercise of discretion to deny cancellation of removal.

\* \* \* \* \*

We thus deny Chaudhary's petition for review.

6