**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11549

Non-Argument Calendar

————————————

IVAN ERIC LINTON,

*Petitioner,*

*versus*

U.S. ATTORNEY GENERAL,

*Respondent.*

————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A021-148-528

————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ivan Eric Linton, proceeding pro se—after receiving a final order of removal in 2006 and after being actually removed in 2011—now seeks review of the Board of Immigration Appeals'

("BIA") denial of his ninth motion to reopen and his motion to reconsider the denial of his eighth motion to reopen. On appeal, Linton argues that the BIA abused its discretion by denying equitable tolling because he acted with reasonable diligence by filing a motion to reopen soon after learning of intervening BIA precedent in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014), that he claims fundamentally changed the legal framework for his eligibility for relief under Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c), and constituted an extraordinary circumstance. He also argues that the BIA abused its discretion by not *sua sponte* reopening due to this change in legal precedent and its reopening of similar cases.

We review an agency decision regarding a motion to reopen or reconsider for an abuse of discretion but review *de novo* any underlying legal conclusions. *Dacostagomez-Aguilar v. U.S. Att'y Gen.*, 40 F.4th 1312, 1315 (11th Cir. 2022); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1252 (11th Cir. 2008). Pursuant to regulation, an immigration judge ("IJ") may *sua sponte* reopen or reconsider any case in which he rendered a decision unless jurisdiction has vested with the BIA. 8 C.F.R. § 1003.23(b)(1). We lack subject-matter jurisdiction to review the refusal to *sua sponte* reopen a case because no statute or regulation provides a "meaningful standard against which to judge the agency's exercise of discretion" in making that decision. *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1293 (11th Cir. 2008) (quotation omitted).

We lack jurisdiction to review any final order of removal against "an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1182(a)(2)." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Under § 1182(a)(2)(A)(i)(II), an alien is inadmissible if he has been convicted of "violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance." INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). When our review of a final order of removal is limited by one of § 1252's jurisdiction-stripping provisions, our "jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen" is also curtailed. *Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1262 (11th Cir. 2003).

Despite this jurisdictional bar, we retain jurisdiction over constitutional claims or questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). An argument that an IJ or the BIA misapplied the law or applied the wrong legal standard constitutes a legal question. *See Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1197 & n.14 (11th Cir. 2008) (holding that plaintiff did not present a legal question by arguing the IJ improperly weighed his case's facts). To satisfy § 1252(a)(2)(D)'s exception to the limitations on judicial review, a petitioner's constitutional claim must allege "at least a colorable constitutional violation." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (citation and quotations omitted). "A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Id.* (citations omitted).

The BIA may grant an alien's motion to reopen if the alien presents new evidence that is material and could not have been discovered or presented at the removal hearing. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). Generally, an alien can file only 1 motion to reopen, however, and must do so within 90 days of the final order of removal. INA §§ 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i). An alien can only file 1 motion to reconsider and must do so within 30 days of the final order of removal. INA §§ 240(c)(6)(A), (B), §§ 1229a(c)(6)(A), (B). Because the 90-day deadline for filing a motion to reopen is a nonjurisdictional claim-processing rule, it is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359-64 (11th Cir. 2013) (en banc). To prevail in an equitable tolling claim, the petitioner must show "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 1363 n.5 (citations omitted). The application of this equitable tolling standard to undisputed facts is a "question of law" which courts of appeal have jurisdiction to consider. *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 227, 233-34 (2020)

The BIA did not abuse its discretion in denying Linton's ninth motion and declining to consider its merits. The motion was untimely and did not warrant equitable tolling, as the BIA had concluded when denying his sixth, seventh, and eighth motions. We cannot conclude that the BIA abused its discretion in declining to grant relief in this ninth motion to reopen on the basis of Linton's mere allegation of change of law, especially when Linton's allegation is based on a non-binding Second Circuit decision that does

not even address an equitable tolling issue.  Linton also abandoned his challenge to the BIA's conclusion that his eighth motion was untimely and did not warrant equitable tolling.

**PETITION DENIED.**